UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES,

                Plaintiff,

– against –

MICHAEL BARRINGTON BROWN,

                Defendant.

**MEMORANDUM & ORDER**

12-cr-00120 (ERK) (MMH)

KORMAN, *J.*:

    The defendant in this case, Michael Barrington Brown, has moved for compassionate release based on his hypertension, high cholesterol, and other unspecified health conditions, as well as the alleged prevalence of respiratory illness at his correctional facility, FCI Lompoc. Because Brown's motion does not provide "extraordinary and compelling reasons" to merit resentencing, his motion is denied.

    Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may reduce a defendant's term of imprisonment upon a defendant's motion if (1) the defendant has exhausted the procedures for requesting the Bureau of Prisons to bring a motion on his behalf, (2) the defendant establishes "extraordinary and compelling reasons" for a reduction, and (3) resentencing is warranted in light of 18 U.S.C. § 3553(a)'s sentencing factors. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Resentencing must also be consistent with the U.S. Sentencing Commission's applicable policy

1

statements. 18 U.S.C. § 3582(c)(1)(A). The policy statement in § 1B1.13(b) of the U.S. Sentencing Guidelines Manual guides the determination of whether a defendant's circumstances constitute "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13(b); *see also* 28 U.S.C. § 994(t) (delegating to the Sentencing Commission authority to describe "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)). A recent amendment to the Sentencing Guidelines rendered § 1B1.13 binding on district courts. *See United States v. Donato*, No. 95-CR-223 (JMA), 2024 WL 1513646, at *5 n.10 (E.D.N.Y. Apr. 8, 2024) ("[T]he amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition . . . .").

As relevant to Brown's motion, § 1B1.13(b)(1) identifies the following medical circumstances that, individually or in combination, may constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i):

> (1) Medical Circumstances of the Defendant.—
>
> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). . . .
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition, . . .
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

2

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>
>> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b). Additionally, § 1B1.13(b)(5) includes a catch-all provision that allows the court to consider other unenumerated circumstances that may constitute "extraordinary and compelling reasons":

> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

*Id.* § 1B1.13(b)(5).

A defendant who "seeks decreased punishment . . . [bears] the burden of showing that the circumstances warrant that decrease." *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

3

While the U.S. Attorney concedes that Brown satisfies the exhaustion requirement, ECF No. 145 at 2 (Gov't's Opp.), Brown has not carried his burden of showing that either his medical conditions or the risk of respiratory infection at FCI Lompoc constitute "extraordinary and compelling reasons" warranting resentencing. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Brown does not allege that his health conditions—hypertension, high cholesterol, and unspecified "other conditions"—are terminal, diminish his ability to provide self-care, or require long-term or specialized care that is not being provided at FCC Lompoc. *See* U.S.S.G. § 1B1.13(b)(1)(B). To the contrary, Brown states that he has been prescribed and is taking several medications to treat these conditions. *See* ECF No. 142 at 2 (Def.'s Mot.). While he asserts—without support—that he is receiving inadequate medical care for "respiratory illness," he does not identify any long-term or specialized care he should be receiving or provide any details about this ailment beyond a cursory description of his symptoms. *Id.* at 2–3.

Brown's allegations related to infectious disease at FCI Lompoc are also too vague and conclusory to establish "extraordinary and compelling reasons." He claims that FCI Lompoc "and surrounding areas and California" are experiencing "the spread of respiratory illnesses and deaths" and that he fears that exposure to COVID-19 and other respiratory illnesses would place him at risk of death. *Id.*

4

These bald assertions do not establish that FCI Lompoc is "affected or at imminent risk of being affected by . . . an ongoing outbreak of infectious disease" or a declared "public health emergency." U.S.S.G. § 1B1.13(b)(1)(D). They are also at odds with the Bureau of Prison's webpage, which reports only three currently open COVID-19 cases at FCI Lompoc out of a prison population of 2,603. *See* Inmate Covid-19 Data, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Apr. 10, 2024); *see also United States v. Lake*, No. 14-CR-0264(JS), 2023 WL 8810620, at *3 (E.D.N.Y. Dec. 20, 2023) (bald assertions of "deteriorating physical health" insufficient to show "extraordinary and compelling" circumstances); *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (confinement in facility "where [COVID-19] counts are currently low" was not "extraordinary and compelling" circumstance). In sum, Brown fails to show that his medical circumstances are "extraordinary and compelling" as to warrant relief under § 1B1.13(b)(1) of the Sentencing Guidelines.

Finally, given the vagueness of Brown's allegations about his medical conditions and the incidence of respiratory illness at FCI Lompoc, he has not shown that these circumstances in combination are similar in gravity to the "extraordinary and compelling" circumstances enumerated in the Sentencing Commission's policy statement. Brown's motion therefore fails to satisfy the policy statement's catch-all

5

provision. *See* U.S.S.G. § 1B1.13(b)(5). This is true regardless of Brown's vaccination status. *See* ECF No. 148 at 2, 5 (Gov't's Unredacted Opp.).

Because Brown's submissions do not provide "extraordinary and compelling reasons" to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), I do not address whether resentencing would be consistent with 18 U.S.C. § 3553(a)'s sentencing factors. Brown's motion is denied.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York  
April 16, 2024

Edward R. Korman  
United States District Judge

6